UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OSCAR DANILO GUTIERREZ
HERRERA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-691

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an Order entered on March 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 9, 2026 (ECF No. 4), and Petitioner filed his reply on March 12, 2026 (ECF No. 5).

## II.   Factual Background

Petitioner is a native and citizen of Nicaragua. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 4-1, PageID.60.) Petitioner entered the United States on November 12, 2021, at an unknown location without inspection. (Pet., ECF No. 1, PageID.3; NTA, ECF No. 4-1, PageID.60.) On July 12, 2024, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-1, PageID.60.)

On August 17, 2025, ICE agents arrested Petitioner. (I-213, ECF No. 4-2, PageID.65.) Petitioner filed his first habeas corpus action on December 18, 2025. *See Gutierrez Herrera v. Raycraft (Gutierrez Herrera I)*, No. 1:25-cv-1835 (W.D. Mich. Dec. 18, 2025). On February 2, 2026, the Court entered an opinion and judgment, requiring Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). *See Gutierrez Herrera I*, (W.D. Mich. Feb. 2, 2026) (ECF Nos. 6, 7).

On February 9, 2026, the Detroit Immigration Court held the required custody redetermination hearing under 8 U.S.C. § 1226(a) and denied Petitioner's request for bond because Petitioner "has not established he is not a flight risk." (Immigration Judge Order, ECF No. 4-3, PageID.68.)

## I.   Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

2

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## II.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## <u>Conclusion</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:     March 13, 2026                                       /s/ Jane M. Beckering
                                                                Jane M. Beckering
                                                                United States District Judge