UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

OSCAR DANILO GUTIERREZ
HERRERA,

                 Petitioner,

v.

KEVIN RAYCRAFT et al.,

                 Respondents.

_____/

Case No. 1:26-cv-691

Honorable Jane M. Beckering

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by

the United States Immigration and Customs Enforcement.

In an Opinion and Judgment entered on March 13, 2026, the Court conditionally granted

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering

Respondents to:

> provide Petitioner with an individualized bond hearing before an immigration
> judge, at which time the government will have the burden to demonstrate
> dangerousness or flight risk by clear and convincing evidence, within five business
> days of the date of this judgment and with notice to the Parties as soon as
> practicable, no later than 24 hours prior to the scheduled hearing, or, in the
> alternative, immediately release Petitioner from custody.

(J., ECF No. 7.) The Court further directed Respondents to file a status report within six business

days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion

and Judgment. (Op. & J., ECF Nos. 6, 7.)

On March 20, 2026, Petitioner filed a motion to enforcement judgment, alleging that the

bond hearing, held on March 18, 2026, did not comply with the Court's Opinion and Judgment,

and asking the Court to order Petitioner's immediate release from custody. (ECF No. 8.) Specifically, Petitioner claims that neither Petitioner nor his counsel were provided notice of the hearing within 24 hours of the scheduled hearing. (ECF No. 8, PageID.83.) Additionally, Petitioner claims that Respondents did not carry their evidentiary burden at the bond hearing. (*Id.*, PageID.84.)

Thereafter, on March 23, 2026, Respondents filed a status report, indicating that a § 1226 bond hearing had been held on March 18, 2026, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.) On March 27, 2026, Respondents filed their response to Petitioner's motion to enforce judgment, claiming, *inter alia*, that Attorney Jeannie Rodriguez was provided proper notice of the March 18, 2026, bond hearing. (Resp., ECF No. 10, PageID.112.)

The Court has reviewed the Notice of Appearance as Attorney, upon which Respondents rely for their argument that an attorney of record was provided proper notice of the March 18, 2026, bond hearing. (ECF No. 10-2.) The Notice of Appearance as Attorney, while indicating that Attorney Rodriguez entered her appearance for all types of proceedings, also specifically indicates that her appearance was entered on behalf of Attorney Blumenau for a hearing scheduled for November 18, 2025, only. (*Id.*, PageID.116–117.) Respondents did not provide notice to Petitioner or to Attorney Blumenau, who is Petitioner's attorney in this matter and in the proceedings before the Detroit Immigration Court, generally. Therefore, the Court finds that Respondents failed to comply with the Court's March 13, 2026, Opinion and Judgment.

Accordingly,

**IT IS ORDERED** that, Respondents shall release Petitioner from custody subject to any prior conditions of release, as applicable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner absent a material change in circumstances unless the requirements of due process have been satisfied.

**IT IS FURTHER ORDERED** that as soon as practicable but no later than 24 hours after the entry of this Order, Respondents shall file a status report with the Court to certify compliance with the Court's order.

**IT IS SO ORDERED**.

Dated:      June 2, 2026                          /s/ Jane M. Beckering
                                            Jane M. Beckering
                                            United States District Judge